

**FILED**
**Sep 14, 2023**
**12:42 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| **KRYSTAL INGRAM,** | ) | **Docket No.: 2022-08-0743** |
| **Employee,** | ) | |
| **v.** | ) | |
| **FEDERAL EXPRESS CORP.,** | ) | **State File No.: 80542-2021** |
| **Employer,** | ) | |
| **And** | ) | |
| **INDEMNITY INSURANCE COMPANY OF** | ) | **Judge Shaterra R. Marion** |
| **NORTH AMERICA,** | ) | |
| **Carrier.** | ) | |
| | ) | |

_____

## EXPEDITED HEARING ORDER DENYING BENEFITS

_____

Ms. Ingram requested benefits for a hand and finger injury. Federal Express denied the claim because her injury did not occur within the course and scope of her employment. Ms. Ingram also seeks reimbursement for travel expenses and medical bills. The Court holds Ms. Ingram is not likely to show that her injury occurred within the course and scope of her employment and denies benefits at this time.

### History of Claim

In June 2021, Ms. Ingram was involved in a non-work-related motor vehicle collision. Two weeks later, she sought right hand treatment because the airbag hit her hand and caused swelling. Ms. Ingram took medical leave after her accident but ultimately returned to work.

Ms. Ingram allegedly suffered a work-related injury on July 28, 2021, when boxes struck her right hand, fingers, and knuckles. She testified she notified Michelle Morris and an "unknown human resources specialist."[1] After an investigation, her claim was denied, and she was not provided a panel.

---

[1] No testimony explained Michelle Morris's position with Federal Express.

A month later, Ms. Ingram saw Dr. Henry Sherman, who noted that Ms. Ingram injured her right hand in a motor vehicle collision in June 2021. She said she went back to work a couple weeks ago and was "having difficulty with pain with lifting boxes." Her x-rays were normal, and Dr. Sherman restricted the use of her right hand.

Eight months after her alleged work injury, Ms. Ingram had another non-work-related motor vehicle accident. She sought treatment at the emergency room, reporting pain in her right hand, low back, and shoulder. The records do not reference a work injury. Ms. Ingram argued that the emergency room records were not hers because they noted her birth date as a year off. She did admit going to that emergency room with right-hand, shoulder, and back pain. However, she said she did tell them about her alleged work injury.

A week after visiting the emergency room, Ms. Ingram sought additional treatment at a clinic. The clinic records note that Ms. Ingram had minimal pain before the second accident. After this accident, she reported a sudden onset of pain, but her x-rays were normal. Ms. Ingram disputed reporting minimal pain before the second accident.

Finally, over two years post her alleged work injury, Ms. Ingram saw Dr. Monsur Ali in a telehealth visit. She told Dr. Ali she had a work-related injury to her right hand/fingers the previous year. Dr. Ali ordered an MRI and referred Ms. Ingram to pain management.

## Findings of Fact and Conclusions of Law

Ms. Ingram must present sufficient evidence to show she is likely to prevail at a final hearing. Tenn. Code Ann. § 50-6-239(d)(1) (2022).[2]

To meet this burden, she must show to a reasonable degree of medical certainty that the box striking her right hand, fingers, and knuckles contributed more than fifty percent in causing the need for her medical treatment, considering all causes. Tenn. Code Ann. § 50-6-102(12). Ms. Ingram may also prevail by showing that the workplace incident aggravated a prior injury. *Id.* The Court finds that she did neither.

Ms. Ingram's claim that her injury occurred at work and that she reported the injury to Federal Express is not sufficient to trigger benefits. The Appeals Board has explained

---

[2] Ms. Ingram presented several exhibits that Federal Express objected to on grounds of lack of foundation and authenticity. These were exhibits two, three, four, five, eight, and eleven, involving text messages, emails, written correspondence, and medical bills submitted by Ms. Ingram. The Court reserved ruling on the admissibility until after Ms. Ingram's testimony. In her testimony, Ms. Ingram did not provide a foundation for these exhibits, address their authenticity, or even address these exhibits at all. For this reason, these exhibits are inadmissible. Additionally, Ms. Ingram emailed medical records from Sunflower after the expedited hearing. These records were not presented at the expedited hearing; therefore they are inadmissible.

that "mere notice of an alleged workplace accident, in and of itself, does not trigger an employer's duty to provide medical benefits in every case, without regard to the particular circumstances presented." *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *14 (Mar. 27, 2015).

In review of the "particular circumstances presented," the medical evidence does not support her testimony regarding the alleged work incident causing her injury. Despite Ms. Ingram's testimony, the medical evidence shows that her first motor vehicle collision caused her right-hand injury. Ms. Ingram noted to Dr. Sherman that she injured her hand in a June accident. She described feeling pain while lifting boxes at work but did not say a box struck her hand, causing injury. No provider addressed whether an incident at work aggravated Ms. Ingram's right-hand injury.

Ms. Ingram's medical records reflect that her first mention of an alleged work injury to a doctor occurred two years later when she saw Dr. Ali. Additionally, Dr. Ali's records suggest that her injury occurred in 2022, the year of her second motor vehicle accident, not 2021, when her alleged work injury occurred. Therefore, the Court holds Ms. Ingram is not likely to prevail at a hearing on the merits that she is entitled to benefits.

**IT IS THEREFORE ORDERED** as follows:

1. Ms. Ingram's request for medical and temporary disability benefits is denied.

2. The Court sets a status conference on **October 24, 2023, 1:00 p.m. Central Time.** The parties must call (866) 943-0014 to participate. Failure to call might result in a determination of the issues without the party's participation.


**ENTERED September 14, 2023.**


_____
**Judge Shaterra R. Marion**
**Court of Workers' Compensation Claims**

# APPENDIX

<u>Exhibits:</u>
1. Medical Records Submitted by Employer
2. *For Identification Only*: Text Messages and Emails Submitted by Employee
3. *For Identification Only*: Email with Work Note Submitted by Employee
4. *For Identification Only*: Chain of Emails Submitted by Employee
5. *For Identification Only*: Written Correspondence with Human Resources Submitted by Employee
6. Notice of Denial
7. Letter from Sedgewick Dated March 28, 2022
8. *For Identification Only*: Medical Bills Submitted by Employee
9. Letter from Sedgewick Dated October 19, 2021
10. Medical Records Submitted by Employee
11. *For Identification Only*: Medical Bills Submitted by Employee
12. *For Identification Only*: Police Report from Employee's Motor Vehicle Collision on February 18, 2022
13. *For Identification Only*: W-2 Tax Forms from MGM Resorts Mississippi LLC and First Student Management LLC Submitted by Employee
14. *For Identification Only*: Pay Stub and W-2 Tax Forms from Federal Express Submitted by Employee
15. Medical Records from Teladoc Submitted by Employee
16. *For Identification Only*: Blank Bureau of Workers' Compensation Forms Submitted by Employee
17. Photographs of Employee's Hand and Arm Submitted by Employee


<u>Technical Record:</u>
1. Petition for Benefit Determination
2. Dispute Certification Notice with Additional Issues
3. Hearing Request, along with Affidavit of Krystal Ingram, filed January 12, 2023
4. Order on Status Hearing, dated June 2, 2023
5. Employee's Exhibit and Witness List
6. Employer's Prehearing Brief

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was sent as indicated on September 14 , 2023.

| Name | Mail | Via Email | Service sent to: |
|---|---|---|---|
| Krystal Ingram, Employee | X | X | P.O. Box 465<br>Robinsville, MS 38664<br>krystyle11@yahoo.com |
| Stephen Miller, Joseph Baker, Employer's Attorneys | | X | smiller@mckuhn.com<br>jbaker@mckuhn.com<br>mdoherty@mckuhn.com |

_____

**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____
**Employee**

v.

_____
**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____        ☐ Motion Order filed on _____

☐ Compensation Order filed on_____        ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

### Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.


_____

*[Signature of appellant or attorney for appellant]*